FILED

2015 APR 16  PM 12: 44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2014 Grand Jury

**CR 15 00206**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 14- |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 963: Conspiracy to Import Controlled Substances; 21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C): Possession with Intent to Distribute and Distribution of Controlled Substances; 18 U.S.C. § 924(c)(1)(B)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 1956(h): Conspiracy to Launder Monetary Instruments; 31 U.S.C. § 5332(a): Bulk Cash Smuggling; 18 U.S.C. § 2(a): Aiding and Abetting; 21 U.S.C. § 853: Criminal Forfeiture; 18 U.S.C. § 924(d); 28 U.S.C. § 2461(c): Criminal Forfeiture; 18 U.S.C. § 982(a)(1): Criminal Forfeiture; 31 U.S.C. § 5332(b)(2): Criminal Forfeiture] |
| OSCAR NOE MEDINA GONZALEZ, aka "Pan," aka "El Panu," LUIS FERNANDO MEZA GONZALEZ, aka "Ferras," aka "Ferrari," CARLOS ROBERTO GONZALEZ MANJARREZ, aka "Chino," aka "Cali," aka "Kali," NAYAR JOSUE BELTRAN CAMPOS, aka "NY New," CHRISTIAN JARED MARTELL OBESO, aka "FKITO," aka "Flakito," FNU LNU, aka "Retro," HERACLIA VALENZUELA CHAPARRO, aka "Lorena," JOSE EDGAR ASTORGA HEREDIA, aka "Edgarcito," LUIS ENRIQUE SANCHEZ ROCHA, aka "Los Dos Barones," aka "El Zurdo," | |

JESUS TAPIA URREA,
 aka "JJS,"
 aka "Ivan,"
 aka "Chuy,"
 aka "Pablo,"
RAMON GILBERTO RAMOS JR,
 aka "Gene,"
 aka "Gil,"
DAVID VINCE SORRENTINO,
 aka "Dave,"
 aka "Rock,"
RIGOBERTO VEGA TORRES,
 aka "Rigo,"
 aka "Chapulin,"
JOSE ANGEL ARAQUE MEDINA,
 aka "Juan,"
 aka "Modesto,"
EPIFANIO DONAI TOVAR,
THELMA KARINA GONZALEZ
 QUINTANA,
FNU LNU,
 aka "Diana Acosta,"
HERNAN ZERMENO,
 aka "Pelon,"
HUGO ALONSO LOPEZ VALDEZ,
 aka "Veneno,"
 aka "Wero,"
 aka "Guero,"
MARIO SANCHEZ ESPINO,
BORIS ANTHONY MENDEZ,
 aka "Tony,"
JUAN MANUEL RODRIGUEZ,
 aka "Arki,"
RUBEN BETANCOURT SOTO,
JUAN TALAMANTE ESPINOZA,
MERCEDES IVONNE MARTELL
 OBESO,
 aka "Meche," and
MANUEL GARFIAS SANCHEZ,

    Defendants.

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 963]

Beginning on a date unknown, and continuing to in or about April 16, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants OSCAR NOE MEDINA GONZALEZ, also known as ("aka") "Pan," aka "El Panu," LUIS FERNANDO MEZA GONZALEZ, aka "Ferras," aka "Ferrari," CARLOS ROBERTO GONZALEZ MANJARREZ, aka "Chino," aka "Cali," aka "Kali," NAYAR JOSUE BELTRAN CAMPOS, aka "NY New," CHRISTIAN JARED MARTELL OBESO, aka "FKITO," aka "Flakito," First Name Unknown ("FNU") Last Name Unknown ("LNU"), aka "Retro," HERACLIA VALENZUELA CHAPARRO, aka "Lorena," JOSE EDGAR ASTORGA HEREDIA, aka "Edgarcito," LUIS ENRIQUE SANCHEZ ROCHA, aka "Los Dos Barones," aka "El Zurdo," and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally import the following controlled substances into the United States from a place outside thereof:

1.    at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(H);

2.    at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(B);

3.    at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(A); and

4.    at least 1000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(G).

COUNT TWO

[21 U.S.C. § 846]

Beginning on a date unknown, and continuing to in or about April 16, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants OSCAR NOE MEDINA GONZALEZ, also known as ("aka") "Pan," aka "El Panu," LUIS FERNANDO MEZA GONZALEZ, aka "Ferras," aka "Ferrari," CARLOS ROBERTO GONZALEZ MANJARREZ, aka "Chino," aka "Cali," aka "Kali," NAYAR JOSUE BELTRAN CAMPOS, aka "NY New," CHRISTIAN JARED MARTELL OBESO, aka "FKITO," aka "Flakito," First Name Unknown ("FNU") Last Name Unknown ("LNU"), aka "Retro," HERACLIA VALENZUELA CHAPARRO, aka "Lorena," JOSE EDGAR ASTORGA HEREDIA, aka "Edgarcito," LUIS ENRIQUE SANCHEZ ROCHA, aka "Los Dos Barones," aka "El Zurdo," JESUS TAPIA URREA, aka "JJS," aka "Ivan," aka "Chuy," aka "Pablo," RAMON GILBERTO RAMOS JR, aka "Gene," aka "Gil," DAVID VINCE SORRENTINO, aka "Dave," aka "Rock," RIGOBERTO VEGA TORRES, aka "Rigo," aka "Chapulin," JOSE ANGEL ARAQUE MEDINA, aka "Juan," aka "Modesto," EPIFANIO DONAI TOVAR, THELMA KARINA GONZALEZ QUINTANA, FNU LNU, aka "Diana Acosta," HERNAN ZERMENO, aka "Pelon," HUGO ALONSO LOPEZ VALDEZ, aka "Veneno," aka "Wero," aka "Guero," MARIO SANCHEZ ESPINO, BORIS ANTHONY MENDEZ, aka "Tony," and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute and possess with intent to distribute:

1.    at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and at least 50 grams of methamphetamine, a Schedule II controlled substance,

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii);

    2.  at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii);

    3.  at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); and

    4.  at least 1000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vii).

1

COUNT THREE

2

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

3     On or about November 7, 2012, in Los Angeles County, within

4 the Central District of California, defendants CARLOS ROBERTO

5 GONZALEZ MANJARREZ, also known as ("aka") "Chino," aka "Cali,"

6 aka "Kali," and First Name Unknown ("FNU") Last Name Unknown

7 ("LNU"), aka "Diana Acosta," each intentionally aiding and

8 abetting the other, knowingly and intentionally distributed at

9 least five grams, that is, approximately 13.7 grams, of

10 methamphetamine, a Schedule II controlled substance.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

On or about March 10, 2013, in Los Angeles County, within the Central District of California, defendants CARLOS ROBERTO GONZALEZ MANJARREZ, also known as ("aka") "Chino," aka "Cali," aka "Kali," and JOSE ANGEL ARAQUE MEDINA, aka "Juan," aka "Modesto," each intentionally aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 6,573 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

On or about June 17, 2013, in Los Angeles County, within the Central District of California, defendants CARLOS ROBERTO GONZALEZ MANJARREZ, also known as ("aka") "Chino," aka "Cali," aka "Kali" and RIGOBERTO VEGA TORRES, aka "Rigo," aka "Chapulin," each intentionally aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 1,280 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

On or about June 17, 2013, in Los Angeles County, within the Central District of California, defendants CARLOS ROBERTO GONZALEZ MANJARREZ, also known as ("aka") "Chino," aka "Cali," aka "Kali" and RIGOBERTO VEGA TORRES, aka "Rigo," aka "Chapulin," each intentionally aiding and abetting the other, knowingly and intentionally possessed with intent to distribute approximately 63.4 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii); 18 U.S.C. § 2(a)]

On or about August 21, 2013, in Los Angeles County, within the Central District of California, defendant DAVID VINCE SORRENTINO, also known as ("aka") "Dave," aka "Rock," and others known and unknown to the Grand Jury, each intentionally aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 4,941 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

1                                  COUNT EIGHT

2          [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

3          On or about September 8, 2013, in Los Angeles County,

4     within the Central District of California, defendants NAYAR

5     JOSUE BELTRAN CAMPOS, also known as ("aka") "NY New," LUIS

6     ENRIQUE SANCHEZ ROCHA, aka "Los Dos Barones," aka "El Zurdo,"

7     and EPIFANIO DONAI TOVAR, each intentionally aiding and abetting

8     the other, knowingly and intentionally possessed with intent to

9     distribute at least 50 grams, that is, approximately 3,567

10    grams, of methamphetamine, a Schedule II controlled substance.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                          COUNT NINE

2       [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

3            On or about October 30, 2013, in Los Angeles County, within

4    the Central District of California, defendant OSCAR NOE MEDINA

5    GONZALEZ, also known as ("aka") "Pan," aka "El Panu," and others

6    known and unknown to the Grand Jury, each intentionally aiding

7    and abetting the other, knowingly and intentionally possessed

8    with intent to distribute at least 50 grams, that is,

9    approximately 7,801 grams, of methamphetamine, a Schedule II

10   controlled substance.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                           COUNT TEN

2        [21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii); 18 U.S.C. § 2(a)]

3        On or about February 12, 2014, in Los Angeles County,

4   within the Central District of California, defendants LUIS

5   FERNANDO MEZA GONZALEZ, also known as ("aka") "Ferras," aka

6   "Ferrari," and JESUS TAPIA URREA, aka "JJS," aka "Ivan," aka

7   "Chuy," aka "Pablo," each intentionally aiding and abetting the

8   other, knowingly and intentionally distributed at least 500

9   grams, that is, approximately 1,000 grams, of a mixture and

10  substance containing a detectable amount of cocaine, a Schedule

11  II narcotic drug controlled substance.

COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii); 18 U.S.C. § 2(a)]

On or about February 12, 2014, in Los Angeles County, within the Central District of California, defendants JOSE EDGAR ASTORGA HEREDIA, also known as ("aka") "Edgarcito," and HUGO ALONSO LOPEZ VALDEZ, aka "Veneno," aka "Wero," aka "Guero," each intentionally aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 1,000 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWELVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii); 18 U.S.C. § 2(a)]

On or about February 12, 2014, in Los Angeles County, within the Central District of California, defendants LUIS FERNANDO MEZA GONZALEZ, also known as ("aka") "Ferras," aka "Ferrari," JOSE EDGAR ASTORGA HEREDIA, aka "Edgarcito," and JESUS TAPIA URREA, aka "JJS," aka "Ivan," aka "Chuy," aka "Pablo," each intentionally aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 16.03 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

1                          COUNT THIRTEEN

2          [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i); 18 U.S.C. § 2(a)]

3          On or about February 12, 2014, in Los Angeles County,

4   within the Central District of California, defendants LUIS

5   FERNANDO MEZA GONZALEZ, also known as ("aka") "Ferras," aka

6   "Ferrari," JOSE EDGAR ASTORGA HEREDIA, aka "Edgarcito," and

7   JESUS TAPIA URREA, aka "JJS," aka "Ivan," aka "Chuy," aka

8   "Pablo," each intentionally aiding and abetting the other,

9   knowingly and intentionally possessed with intent to distribute

10  at least one kilogram, that is, approximately 13.26 kilograms,

11  of a mixture and substance containing a detectable amount of

12  heroin, a Schedule I narcotic drug controlled substance.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FOURTEEN

[18 U.S.C. § 924(c)(1)(B)(i)]

On or about February 12, 2014, in Los Angeles County, within the Central District of California, defendants LUIS FERNANDO MEZA GONZALEZ, also known as ("aka") "Ferras," aka "Ferrari," JOSE EDGAR ASTORGA HEREDIA, aka "Edgarcito," and JESUS TAPIA URREA, aka "JJS," aka "Ivan," aka "Chuy," aka "Pablo," knowingly possessed an AK-47 semiautomatic assault weapon in furtherance of a drug trafficking crime, namely, conspiracy to distribute controlled substances, in violation of Title 21, United States Code, Section 846, as charged in Count Two of this Indictment, and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Counts Twelve and Thirteen of this Indictment.

COUNT FIFTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i); 18 U.S.C. § 2(a)]

On or about April 30, 2014, in Los Angeles County, within the Central District of California, defendants JOSE EDGAR ASTORGA HEREDIA, also known as ("aka") "Edgarcito," and RAMON GILBERTO RAMOS JR, aka "Gene," aka "Gil," each intentionally aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least one kilogram, that is, approximately 3.03 kilograms, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

COUNT SIXTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

On or about June 25, 2014, in Los Angeles County, within the Central District of California, defendants LUIS FERNANDO MEZA GONZALEZ, also known as ("aka") "Ferras," aka "Ferrari," JESUS TAPIA URREA, aka "JJS," aka "Ivan," aka "Chuy," aka "Pablo," and BORIS ANTHONY MENDEZ, aka "Tony," each intentionally aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 156 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SEVENTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)]

On or about November 9, 2014, in Los Angeles County, within the Central District of California, defendant JESUS TAPIA URREA, aka "JJS," aka "Ivan," aka "Chuy," aka "Pablo," knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 15.38 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT EIGHTEEN

[21 U.S.C. § 1956(h)]

Beginning on a date unknown, and continuing to in or about April 16, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants OSCAR NOE MEDINA GONZALEZ, also known as ("aka") "Pan," aka "El Panu," LUIS FERNANDO MEZA GONZALEZ, aka "Ferras," aka "Ferrari," CARLOS ROBERTO GONZALEZ MANJARREZ, aka "Chino," aka "Cali," aka "Kali," NAYAR JOSUE BELTRAN CAMPOS, aka "NY New," CHRISTIAN JARED MARTELL OBESO, aka "FKITO," aka "Flakito," First Name Unknown ("FNU") Last Name Unknown ("LNU"), aka "Retro," JOSE EDGAR ASTORGA HEREDIA, aka "Edgarcito," LUIS ENRIQUE SANCHEZ ROCHA, aka "Los Dos Barones," aka "El Zurdo," JESUS TAPIA URREA, aka "JJS," aka "Ivan," aka "Chuy," aka "Pablo," RAMON GILBERTO RAMOS JR, aka "Gene," aka "Gil," RIGOBERTO VEGA TORRES, aka "Rigo," aka "Chapulin," JOSE ANGEL ARAQUE MEDINA, aka "Juan," aka "Modesto," EPIFANIO DONAI TOVAR, THELMA KARINA GONZALEZ QUINTANA, JUAN MANUEL RODRIGUEZ, aka "Arki," RUBEN BETANCOURT SOTO, JUAN TALAMANTE ESPINOZA, MERCEDES IVONNE MARTELL OBESO, aka "Meche," MANUEL GARFIAS SANCHEZ, and others known and unknown to the Grand Jury, conspired and agreed with each other to:

1.    knowingly and intentionally conduct financial transactions, affecting interstate commerce, knowing that the property involved in the financial transactions represented some form of unlawful activity, and which property, in fact, involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and distribution of controlled substances, in

1  violation of Title 21, United States Code, Sections 846 and
2  841(a)(1), and knowing that the financial transactions were
3  designed in whole and in part to conceal and disguise the
4  nature, location, source, ownership, and control of the proceeds
5  of said specified unlawful activity, in violation of Title 18,
6  United States Code, Section 1956(a)(1)(B)(i); and
7        2.    knowingly and intentionally transport, transmit, and
8  transfer funds from a place in the United States to a place
9  outside of the United States, knowing that the funds involved in
10 the transportation, transmission, and transfer represented some
11 form of unlawful activity, and which funds, in fact, involved
12 the proceeds of specified unlawful activity, that is, conspiracy
13 to distribute and distribution of controlled substances, in
14 violation of Title 21, United States Code, Sections 846 and
15 841(a)(1), and knowing that such transportation, transmission,
16 and transfer was designed in whole and in part to (a) conceal
17 and disguise the nature, location, source, ownership, and
18 control of the proceeds of said specified unlawful activity, in
19 violation of Title 18, United States Code, Section
20 1956(a)(2)(B)(i), and (b) avoid a transaction reporting
21 requirement under State or Federal law, in violation of Title
22 18, United States Code, Section 1956(a)(2)(B)(ii).
23
24
25
26
27
28

COUNT NINETEEN

[31 U.S.C. § 5332(a)]

On or about September 8, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant LUIS ENRIQUE SANCHEZ ROCHA, also known as ("aka") "Los Dos Barones," aka "El Zurdo," knowingly concealed more than $10,000 in United States currency, namely, $14,460, in a conveyance and container, that is, a Ford Fiesta rental car, and attempted to transport such currency from a place within the United States to a place outside of the United States with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316.

COUNT TWENTY

[31 U.S.C. § 5332(a)]

On or about February 12, 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendants RUBEN BETANCOURT SOTO and JUAN TALAMANTE ESPINOZA, each aiding and abetting the other, knowingly concealed more than $10,000 in United States currency, namely, $294,634, in a conveyance and container, that is, a Mitsubishi Montero, and attempted to transport such currency from a place within the United States to a place outside of the United States with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316.

## FORFEITURE ALLEGATION ONE

### [21 U.S.C. § 853]

1.   The allegations contained in Counts One through Thirteen and Fifteen through Seventeen of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Sections 853 and 970.

2.   Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Sections 853 and 970, in the event of any defendant's conviction under any of Counts One through Thirteen and Fifteen through Seventeen of this Indictment.

3.   Each defendant convicted under any of Counts One through Thirteen and Fifteen through Seventeen of this Indictment shall forfeit to the United States any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation and any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

4.   Pursuant to Title 21, United States Code, Section 853(p), each defendant shall forfeit substitute property, up to the value of the total amount described in paragraph 3, if, as the result of any act or omission of said defendant, the property described in paragraph 3, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has

1   been transferred, sold to, or deposited with a third party; (c)

2   has been placed beyond the jurisdiction of the court; (d) has

3   been substantially diminished in value; or (e) has been

4   commingled with other property that cannot be subdivided without

5   difficulty.

6        5.   If more than one defendant is convicted of any of the

7   offenses set forth in Counts One through Thirteen and Fifteen

8   through Seventeen of the Indictment, each such defendant shall

9   be jointly and severally liable for the entire amount ordered

10   forfeited pursuant to that Count.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)]

1.    The allegations contained in Counts Two and Twelve through Fourteen of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

2.    Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to defendants LUIS FERNANDO MEZA GONZALEZ, also known as ("aka") "Ferras," aka "Ferrari" ("GONZALEZ"), JOSE EDGAR ASTORGA HEREDIA, aka "Edgarcito" ("HEREDIA"), and JESUS TAPIA URREA, aka "JJS," aka "Ivan," aka "Chuy," aka "Pablo" ("URREA"), that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), in the event of any such defendant's conviction under Count Fourteen of this Indictment.

3.    Upon conviction of the offense in violation of Title 18, United States Code, Section 924(c)(1)(B)(i), set forth in Count Fourteen of this Indictment, defendants GONZALEZ, HEREDIA, and URREA shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to, the firearm identified in Count Fourteen of this Indictment.

1                            FORFEITURE ALLEGATION THREE

2                            [18 U.S.C. § 982(a)(1)]

3       1.   The allegations contained in Count Eighteen of this

4 Indictment are hereby repeated, realleged, and incorporated by

5 reference herein as though fully set forth at length for the

6 purpose of alleging forfeiture pursuant to the provisions of

7 Title 18, United States Code, Section 982(a)(1).

8       2.   Pursuant to Federal Rule of Criminal Procedure 32.2,

9 notice is hereby given to defendants OSCAR NOE MEDINA GONZALEZ,

10 also known as ("aka") "Pan," aka "El Panu," LUIS FERNANDO MEZA

11 GONZALEZ, aka "Ferras," aka "Ferrari," CARLOS ROBERTO GONZALEZ

12 MANJARREZ, aka "Chino," aka "Cali," aka "Kali," NAYAR JOSUE

13 BELTRAN CAMPOS, aka "NY New," CHRISTIAN JARED MARTELL OBESO, aka

14 "FKITO," aka "Flakito," First Name Unknown ("FNU") Last Name

15 Unknown ("LNU"), aka "Retro," JOSE EDGAR ASTORGA HEREDIA, aka

16 "Edgarcito," LUIS ENRIQUE SANCHEZ ROCHA, aka "Los Dos Barones,"

17 aka "El Zurdo," JESUS TAPIA URREA, aka "JJS," aka "Ivan," aka

18 "Chuy," aka "Pablo," RAMON GILBERTO RAMOS JR, aka "Gene," aka

19 "Gil," RIGOBERTO VEGA TORRES, aka "Rigo," aka "Chapulin," JOSE

20 ANGEL ARAQUE MEDINA, aka "Juan," aka "Modesto," EPIFANIO DONAI

21 TOVAR, THELMA KARINA GONZALEZ QUINTANA, JUAN MANUEL RODRIGUEZ,

22 aka "Arki," RUBEN BETANCOURT SOTO, JUAN TALAMANTE ESPINOZA,

23 MERCEDES IVONNE MARTELL OBESO, aka "Meche," and MANUEL GARFIAS

24 SANCHEZ (collectively, "defendants"), that the United States

25 will seek forfeiture as part of any sentence in accordance with

26 Title 18, United States Code, Section 982(a)(1), in the event of

27 any such defendant's conviction under Count Eighteen of this

28 Indictment.

3.   Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property.

4.   Pursuant to Title 21, United States Code, Section 853(p), each defendant shall forfeit substitute property, up to the value of the total amount described in paragraph 3, if, as the result of any act or omission of said defendant, the property described in paragraph 3, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be subdivided without difficulty.

5.   If more than one defendant is convicted of any of the offenses set forth in Count Eighteen of the Indictment, each such defendant shall be jointly and severally liable for the entire amount ordered forfeited pursuant to that Count.

FORFEITURE ALLEGATION FOUR

[31 U.S.C. § 5332(b)(2)]

1. The allegations contained in Count Nineteen of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 31, United States Code, Section 5332(b)(2).

2. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to defendant LUIS ENRIQUE SANCHEZ ROCHA, also known as ("aka") "Los Dos Barones," aka "El Zurdo" ("ROCHA"), that the United States will seek forfeiture as part of any sentence in accordance with Title 31, United States Code, Section 5332(b)(2), in the event of his conviction under Count Nineteen of this Indictment.

3. Pursuant to Title 31, United States Code, Section 5332(b)(2), upon conviction of an offense in violation of Title 31, United States Code, Section 5332(a), defendant ROCHA shall forfeit to the United States all property, real or personal, involved in the offense and any property traceable to such property.

4. Pursuant to Title 21, United States Code, Section 853(p), defendant ROCHA shall forfeit substitute property, up to the value of the total amount described in paragraph 3, if, as the result of any act or omission of defendant ROCHA, the property described in paragraph 3, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

1  been substantially diminished in value; or (e) has been

2  commingled with other property that cannot be subdivided without

3  difficulty.

FORFEITURE ALLEGATION FIVE

[31 U.S.C. § 5332(b)(2)]

1.    The allegations contained in Count Twenty of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 31, United States Code, Section 5332(b)(2).

2.    Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to defendants RUBEN BETANCOURT SOTO ("SOTO") and JUAN TALAMANTE ESPINOZA ("ESPINOZA") that the United States will seek forfeiture as part of any sentence in accordance with Title 31, United States Code, Section 5332(b)(2), in the event of either such defendant's conviction under Count Twenty of this Indictment.

3.    Pursuant to Title 31, United States Code, Section 5332(b)(2), upon conviction of an offense in violation of Title 31, United States Code, Section 5332(a), defendants SOTO and ESPINOZA shall forfeit to the United States all property, real or personal, involved in the offense and any property traceable to such property.

4.    Pursuant to Title 21, United States Code, Section 853(p), defendants SOTO and ESPINOZA shall forfeit substitute property, up to the value of the total amount described in paragraph 3, if, as the result of any act or omission of defendants SOTO or ESPINOZA, the property described in paragraph 3, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

1  jurisdiction of the court; (d) has been substantially diminished

2  in value; or (e) has been commingled with other property that

3  cannot be subdivided without difficulty.

4      5.   If both defendants SOTO and ESPINOZA are convicted of

5  the offense set forth in Count Nineteen of the Indictment, both

6  defendants SOTO and ESPINOZA shall be jointly and severally

7  liable for the entire amount ordered forfeited pursuant to that

8  Count.

9

10

11                              A TRUE BILL

12

13                              /S/
                                _____
14                              Foreperson

15

16  STEPHANIE YONEKURA
    Acting United States Attorney
17

18

19  ROBERT E. DUGDALE
    Assistant United States Attorney
20  Chief, Criminal Division

21  KEVIN M. LALLY
    Assistant United States Attorney
22  Chief, Organized Crime Drug
      Enforcement Task Force Section
23
    JENNIFER L. WILLIAMS
24  Assistant United States Attorney
    Deputy Chief, Organized Crime Drug
25    Enforcement Task Force Section

26

27

28